This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant Chester D. Deringer has appealed from a judgment of the Wayne County Court of Common Pleas that granted summary judgment in favor of Defendant-Appellee Board of Trustees of Clinton Township, Wayne County, Ohio. This Court affirms.
 I
At approximately 3:00 a.m. on September 24, 1999, Appellant was driving a 1997 Suzuki motorcycle eastbound on Clinton Township's Brown Road when he lost control of his motorcycle and crashed. Brown Road is a chip and seal road with a small bridge followed by a hill and an S-shaped curve. Appellant had never traveled the road before the accident, but he was aware that it was a back country road. Appellant testified that he could not see over the hill in the road and that he did not know what caused him to crash.
Appellant sued the Board of Trustees of Clinton Township ("Appellee") for personal injuries under a negligence theory. Appellant has asserted that Appellee is negligent by failing to maintain the road and creating a nuisance because the night of the accident a non-mandatory[1] S-curve sign was missing from Brown Road. The Ohio Department of Human Resources was joined in the suit by Appellant and brought a cross-complaint against Appellee to gain subrogation rights for Appellant's medical bills. Appellee filed a summary judgment motion and the trial court granted the motion on August 14, 2001. Appellant has appealed that judgment, asserting four assignments of error. For ease of discussion, the assignments of error have been rearranged.
 II
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 Assignment of Error Number Two The trial court erred as a matter of law by finding that the missing S-curve sign was not a proximate cause of [Appellant's] accident and injuries for the reason that there were factual questions for a jury to determine and such precluded summary judgment.
In his second assignment of error, Appellant has asserted that the trial court erred in granting summary judgment in favor of Appellee because genuine issues of fact existed regarding whether the missing S-curve sign was the proximate cause of Appellant's accident. Appellant has contended that the issue of proximate cause should have been submitted to a jury. However:
 [J]ust because a particular element of a claim or defense involves a question of fact does not automatically preclude the claim or defense from a determination under summary judgment. The inquiry under summary judgment is whether the moving party has demonstrated the absence of a genuine issue of material fact and, if so, whether the nonmoving party has responded with evidence demonstrating the existence of a genuine issue of material fact.
Wagner v. Heavlin (2000), 136 Ohio App.3d 719, 730. Therefore, this Court must determine if Appellee established the absence of a genuine issue of material fact and, if so, whether Appellant has responded with evidence that such an issue does exist.
In order to establish a negligence claim against Appellee, Appellant must show 1) the existence of a duty, 2) a breach of the duty, and 3) an injury proximately caused by the breach. Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75, 77. Appellee's negligence must have been both the direct and proximate cause of the accident. Birkhimerv. Sports-N-Stuff, Inc. (Oct. 31, 2001), Lorain App. No. 01CA007849, unreported, at 6-7. Assuming without deciding that the first two negligence elements have been established, this Court must determine whether Appellee established the absence of any material fact regarding proximate cause.
Appellee met its Dresher burden by demonstrating through Appellant's testimony that Appellant failed to identify what caused the accident. SeeBirkhimer at 7 (holding that summary judgment was appropriate where the appellant did not know what caused his injury and failed to establish a genuine issue of fact as to the appellee's negligence). Appellant admitted that he had no idea what caused him to crash or at what point in the road his motorcycle left the roadway. Appellee also established that no other accidents had occurred on the portion of Brown Road where Appellant had his accident. It then became incumbent upon Appellant to demonstrate a genuine issue of material fact as to whether Appellee's negligence was both the direct and proximate cause of the accident. Appellant provided no evidence that the missing S-curve sign caused the accident or that it was even a factor in the accident. In fact, Appellant consistently admitted he did not know what caused the accident.
Construing the evidence most strongly in favor of Appellant, this Court cannot conclude that a reasonable jury could find that the missing S-curve sign caused Appellant's accident. Appellant admitted he had never driven the road before, that he could not see over the hill, and that he did not know what caused the accident. There is no genuine issue of material fact regarding causation, and Appellee was entitled to judgment as a matter of law. Therefore, the trial court properly granted summary judgment in favor of Appellee. Accordingly, Appellant's second assignment of error is overruled.
 Assignment of Error Number One The trial court erred as a matter of law by finding that missing [sic] S-curve sign did not constitute a nuisance to [Appellant] for the reason that there were questions of fact in dispute for a jury's determination on this issue; and such precluded summary judgment.
 Assignment of Error Number Three The trial court erred as a matter of law by granting summary judgment to [Appellee] on the issue of whether [Appellee] had actual or constructive notice that S-curve warning sign [sic] was missing because there were questions of fact as to its notice, both actual and constructive, upon which reasonable minds can differ, so the issue was for a jury's determination.
 Assignment of Error Number Four The trial court erred as a matter of law by granting summary judgment to [Appellee] by finding that the sole cause of the accident was the conduct of the [Appellant] where reasonable minds could differ on issue [sic] of causation precluding summary judgment.
Appellant's first, third, and fourth assignments of error are rendered moot by our resolution of Appellant's second assignment of error. App.R. 12(A)(1)(c).
 II
Appellant's second assignment of error is overruled and Appellant's first, third, and fourth assignments of error are moot. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J. CONCURS
[1] The S-curve sign on Brown Road is not required by the Ohio Manual of Uniform Traffic Control.